IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CR-67-TAV-JEM |
| | ) | |
| MICHAEL DEWAYNE SETTLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court for report and recommendation on Defendant Michael Settle's Motion to Dismiss the Indictment [Doc. 25]. *See* 28 U.S.C. § 636(b).

Defendant is charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) [Doc. 3 p. 1]. The Indictment further charges that before Defendant committed this offense, he had at least three prior convictions for offenses qualifying under 18 U.S.C. § 924(e)(2), which offenses were committed on occasions different from one another, in violation of § 924(e)(1) [*Id.*].

Defendant asks the Court to dismiss the Indictment asserting that one of the three offenses the Government will use to support a conviction under the Armed Career Criminal Act ("ACCA") is not a violent felony under § 924(e)(2)(B) [Doc. 25 p. 1]. He maintains that under the categorical approach, his Tennessee conviction for aggravated assault with a deadly weapon is not a qualifying predicate offense because it can be committed in a way that causes only mental and not physical harm [*Id.*]. The undersigned finds this argument without merit. Therefore, for the reasons

explained below, the undersigned recommends the District Judge **DENY** Defendant's motion to dismiss [Doc. 25].

## I. BACKGROUND AND POSITIONS OF THE PARTIES

Defendant Michael Settle stands charged with a single count of being a felon in possession of a firearm on or about April 29, 2025, in violation of 18 U.S.C. § 922(g)(1) [Doc. 3 p. 1]. Count One "further alleges that, before the defendant committed this offense, the defendant had at least three prior convictions for offenses qualifying under 18 U.S.C. § 924(e)(2) that were committed on occasions different from one another, in violation of 18 U.S.C § 924(e)(l)" [*Id.*].

Defendant challenges the allegation that he has three prior convictions that qualify as violent felonies under § 924(e)(2) [Doc. 25 p. 1]. As relevant here, a "violent felony" is defined as an offense punishable by a term of imprisonment for more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another" [*Id.* at 3 (citing 18 U.S.C. § 924(e)(2)(B)(i))].

According to Defendant, the Government informally identified the three prior convictions on which it intends to rely as a 2006 Tennessee aggravated assault conviction and two 2010 Tennessee convictions for possession of cocaine with intent to sell [Doc. 25 p. 1].[1] He argues that employing the "categorical approach," Tennessee aggravated assault does not qualify as a "violent felony" because it can be committed in a way that causes only mental, rather than physical, harm [*Id.* at 5–9]. More specifically, Defendant argues that for an offense to be a violent felony

[1] Defendant submits that in 2007 he entered a guilty plea to aggravated assault in which he intentionally caused another to fear imminent bodily injury while he displayed a deadly weapon in violation of Tennessee Code Annotated § 39-13-102(a)(1)(B) (2007) [Doc. 25 p. 5; Doc. 25-1 pp. 1, 8, 13].

under the "elements clause"[2] in § 924(e)(2)(B)(i), it must have as an element the use, attempted use, or threatened use of physical force against another person [*Id*. at 3]. He maintains that physical force requires force capable of causing physical pain or injury, not just mental harm [*Id*. (citing *Johnson v. United States*, 559 U.S. 133, 140 (2010); *United States v. Burris*, 912 F.3d 386, 397 & n.9 (6th Cir. 2019) (en banc)); *see also* Doc. 25 pp. 6–7 (citing Tenn. Code Ann. § 39-11-106(a)(3) (defining bodily injury))]. He avers that the inclusion of a deadly weapon, while an aggravating circumstance, "has no effect on the overbreadth of the bodily injury element" [*Id*. at 8].

Defendant contends that Sixth Circuit precedent[3] analyzing the Tennessee aggravated assault statute under the elements cause in § 924(e)(2)(B)(i) does not require a different conclusion because these cases do not consider "whether Tennessee's definition of bodily injury independently creates categorical overbreadth by including mental-faculty impairment" [*Id*. at 9].[4] He maintains that instead the Court should employ the analytical path used in *Sanchez-Perez v. Garland*, 100 F.4th 693, 699–700, 702 (6th Cir. 2024), which held that Tennessee's domestic assault statute is not a violent felony for purposes of the ACCA because the definition of bodily injury reaches mental harm [*Id*. at 10–11].

The Government responds in opposition, asserting that binding precedent forecloses Defendant's argument [Doc. 26 p. 1]. It maintains that the Sixth Circuit held in *Braden v. United*

---

2 Section 924(e)(2)(B)(i) is also called the "use-of-force clause." *Davis v. United States*, 900 F.3d 733, 735 (6th Cir. 2018).

3 Defendant cites *United States v. Harper*, 875 F.3d 329, 330–32 (6th Cir. 2017), and *United States v. Davis*, 900 F.3d 733, 736 (6th Cir. 2018), as cases previously holding that Tennessee reckless, aggravated assault is a violent felony under § 924(e)(2)(B)(i) [Doc. 25 p. 9].

4 Defendant also distinguishes these cases because they consider "reckless, aggravated assault" and were subsequently abrogated by *Borden v. United States*, 593 U.S. 420, 429, 445 (2021), which held that Tennessee reckless, aggravated assault does not qualify as a violent felony under the elements clause [Doc. 25 p. 10].

*States*, 817 F.3d 926, 933 (6th Cir. 2016), and has repeatedly affirmed thereafter, that Tennessee aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury while using or displaying a deadly weapon is a violent felony under the ACCA [*Id*. at 3 (collecting cases)]. The Government contends that the statute's "deadly weapon element ensures that it involves the requisite use or threatened use of violent force" [*Id*.]. It denies that *Sanchez-Perez* requires a different result because, there, the Court considered whether a misdemeanor domestic assault that did not have the use or display of a deadly weapon as an element constituted a violent felony [*Id*. at 4]. The Government asserts that *Sanchez-Perez* does not purport to overrule *Braden* and its progeny, nor could one panel of the Sixth Circuit overrule another [*Id*.]. Thus, it maintains that this Court remains bound by *Braden* [*Id*. at 4–5].

In reply, Defendant argues that after its decision in *Braden*, the Sixth Circuit "clarified the proper methodology" for determining whether an offense qualifies as a violent felony under the ACCA in two *en banc* cases: *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019), and *United States v. Cervenak*, 135 F.4th 311 (6th Cir. 2025) [*Id*. at 1]. He maintains that "if the statute on its face criminalizes more conduct than the ACCA's definition, the conviction cannot qualify as a predicate offense" [*Id*. (citing *Cervenak*, 135 F.4th at 323–25; *Burris*, 912 F.3d at 392–93)]. Defendant asserts that *Sanchez-Perez* applied this methodology in the context of domestic assault, and the application of this methodology to Tennessee aggravated assault with a deadly weapon commands the same result [*Id*.].

## II. ANALYSIS

The ACCA punishes a defendant as an Armed Career Offender if the defendant violates 18 U.S.C. § 922(g) and has at least three qualifying felonies under § 924(e)(2)(B). *Braden v. United States*, 817 F.3d 926, 932 (6th Cir. 2016). As relevant here, an offense is a violent felony if it is

"punishable by imprisonment for a term exceeding one year" and "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C. § 924(e)(2)(B)(i); *Braden*, 817 F.3d at 932 (observing that § 924(e)(2)(B)(i) is known as "the 'force' prong of the statute" (citation omitted)). Applying the "modified categorical approach,"[5] the Court of Appeals for the Sixth Circuit has held that Tennessee aggravated assault committed by intentionally or knowingly committing an assault while using or displaying a deadly weapon—Defendant's offense of conviction—is a violent felony under the ACCA's force clause. *Id.* at 933; *see also United States v. Batey*, No. 22-5339, 2023 WL 2401193, *3 (6th Cir. Mar. 8, 2023) ("Convictions under § 39-13-102(a)(1)(B) are violent felonies under the ACCA's use-of-force clause." (citing *Braden*, 817 F.3d at 933)); *United States v. Phillips*, 768 F. App'x 474, 479–80 (6th Cir. 2019) (holding that Tennessee aggravated assault committed by the use or display of a deadly weapon constitutes a crime of violence); *Hollom v. United States*, 736 F. App'x 96, 101 (6th Cir. 2018) (holding that "a conviction for aggravated assault under Tenn. Code Ann. § 39-13-102(a)(1)(B) (1998) categorically qualifies as a crime-of-violence predicate under the use-of-force clause" in the identically worded Sentencing Guidelines).

Yet, Defendant argues the Sixth Circuit has since "changed the law and clarified the proper methodology" [Doc. 28 p. 1]. He contends that after *United States v. Cervenak*, 135 F.4th 311 (6th Cir. 2025) (en banc), and *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) (en banc), "if

---

[5] Courts use the modified categorical approach when a statute is "divisible," meaning that "it includes multiple, alternative elements, and so effectively creates several different crimes." *Braden*, 817 F. 3d at 932 (citation modified) (citing *United States v. Denson*, 728 F.3d 603, 612 (6th Cir. 2013) (citation omitted)). This approach recognizes that some means of violating the statute could be a violent felony under the ACCA and others not. *Id.* Here, Defendant acknowledges that Tennessee aggravated assault is divisible and that the relevant, underlying documents show that he was convicted under Tennessee Code Annotated § 39-13-101(a)(1)(B) (2007), which prohibits intentionally or knowingly committing an assault and using or displaying a deadly weapon [Doc. 25 p. 5].

the state statute on its face criminalizes more conduct that the ACCA's definition, the conviction cannot qualify as a predicate offense" [*Id.* (citing *Cervenak*, 135 F.4th at 323–25 & *Burris*, 912 F.3d at 392–93)]. Defendant points to *Sanchez-Perez v. Garland*, 100 F.4th 693 (6th Cir. 2024), asserting that there the Court of Appeals applied this methodology to Tennessee's misdemeanor domestic assault statute, which like the Tennessee assault statute, has as an element "bodily injury" [Doc. 25 p. 7 (citing *Sanchez-Perez v. Garland*, 100 F.4th 693, 702 & n.8 (6th Cir. 2024)); Doc. 28 p. 1].[6] The Court of Appeals held that Tennessee's domestic assault statute is not a crime of violence under similarly-worded immigration statutes because "bodily injury" as defined in Tennessee includes mental harm. 100 F.4th at 699. Hence, Defendant claims, under *Sanchez-Perez*, because Tennessee's aggravated assault statute incorporates simple assault, which in turn requires "bodily injury," which can include mental harm, it is not a crime of violence [Doc. 25 pp. 6–8; Doc. 28 p. 1].

Defendant's argument fails for two reasons.

First, although Tenn. Code Ann. § 39-13-102(a)(1)(B) incorporates simple assault, which in turn incorporates "bodily injury" and mental harm, it also requires the use or threatened use of a deadly weapon. "The Sixth Circuit has adopted, as have other circuits, what is colloquially called the 'deadly weapon rule' that is dispositive for this analysis . . . : When a felony must be committed with a deadly weapon and involves some degree or threat of physical force, it is a crime of violence under the elements clause." *Burris*, 912 F.3d at 405 (footnote omitted) (citing *United States v. Harris*, 853 F.3d 318, 321 (6th Cir. 2017)); *see also Sanchez-Perez*, 100 F.4th at 700 n.8 (observing that although Tennessee's aggravated assault statute incorporates the simple assault statute and

[6] Tennessee Code Annotated § 39-11-106(a)(3) defines "bodily injury" "as 'includ[ing] a cut, abrasion, bruise, burn or disfigurement, and physical pain or temporary illness or impairment of the function of a bodily member organ, or mental faculty'" [Doc. 25 p. 7].

definition of bodily injury, including mental harm, it "requires aggravating circumstances," but declining to decide whether the caselaw analyzing Tennessee's aggravated assault statute is consistent with *Burris*). And the Court of Appeals previously held that the use or display of a deadly weapon during a simple assault necessarily involves the threat of violent force. *Hollum*, 736 F. App'x at 100–01 (analyzing whether Tennessee aggravated assault with a deadly weapon is a crime of violence under the categorical approach when the simple assault element involved only an offensive touching).

Second, the Court of Appeals for the Sixth Circuit has instructed that "[w]hen assessing whether a state statute is overbroad vis-à-vis the federal definition, 'our focus on the minimum conduct criminalized by the state statute is not an invitation to apply legal imagination to the state offense; there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the [federal] definition of a crime.'" *Sanchez-Perez*, 100 F.4th at 698 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (citation modified & citation omitted)). Defendant cites no case involving Tennessee aggravated assault with a deadly weapon that does not involve at least "an implied threat of force sufficient to constitute a crime of violence." *Hollum*, 736 F. App'x at 101; *see also United States v. Russell*, 136 F.4th 606, 612–13 (5th Cir.), *cert. denied*, 146 S. Ct. 257 (2025) (finding that the defendant "has not identified a single case to support his interpretation[, and, thus, h]e has not shown a 'realistic probability' that Tennessee reads its aggravated-assault statute to criminalize conduct that causes solely mental harm"). Moreover, as the Government points out [Doc. 26 pp. 3–4], Tennessee law defines a deadly weapon as "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or . . . [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tenn. Code Ann. § 39-11-106(6)(A)–

(B). So, it appears more of a theoretical possibility, rather than a realistic probability that Tennessee would apply the aggravated assault as Defendant suggests. *See Russell*, 136 F.4th at 613 (finding a similar argument "[r]esourceful but incorrect" and distinguishing *Sanchez-Perez* as limited to Tennessee's simple assault statute and *Burris* because defendant cited Ohio cases that supported his interpretation of the Ohio aggravated assault statute).

## III. CONCLUSION

For the reasons discussed above, the Court respectfully recommends the District Judge **DENY** Defendant's Motion to Dismiss the Indictment [**Doc. 25**].[7]

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

[7] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Judge. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Judge need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs*, 829 F.2d 1370, 1373 (6th Cir. 1987).